IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 97-30300

Summary Calendar

---

MARC TIMMERMAN

Plaintiff-Appellant,

versus

EDWARD MCLAUGHLIN; JOAN THOMPSON;
FOREST BENEDICT; EPHRAIM GUTMARK;
ERNIE SANCHEZ; ANDRE GUERIN;
WILLIAM DAVIS; WILLIAM JENKINS

Defendants-Appellees.

---

Appeal from the United States District Court
For the Middle District of Louisiana
(96-CV-34-B-M1)

---

August 28, 1997

Before KING, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Plaintiff Marc Timmerman appeals the district court's grant of summary judgment against him

on his 42 U.S.C. § 1983 claim. Timmerman, an Assist ant Professor of Mechanical Engineering at

Louisiana State University (L.S.U.), alleges that the defendants, various officials at L.S.U., denied

him his rights under the Fourth and Fourteenth Amendments by placing him on administrative leave,

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

forcing him to undergo psychiatric evaluations, and conducting a search of his office, all based upon a tip from an informant. The informant, Carl Fork, alerted L.S.U. to the possibility that Timmerman might attempt to harm himself or his co-workers with a firearm. Acting on Fork's tip, L.S.U. officials, including two officers from the campus police department, searched Timmerman's office for a firearm but found none. Timmerman then brought this suit.

## I.

Timmerman's first claim on appeal is that the district court erred in relying on hearsay statements contained in the affidavits submitted by the defendants in support of their motion for summary judgment. In these affidavits, defendants Benedict, Gutmark, and McLaughlin relate the tips made to them by Fork which caused them to investigate Timmerman. Although a litigant may not employ inadmissible hearsay statements to support or oppose a motion for summary judgment, see Buchanan v. Stanships, Inc., 744 F.2d 1070, 1076 (5th Cir. 1984), the statements to which Timmerman objects are not hearsay. Defendants do not rely on Fork's tips "to prove the truth of the matter asserted;" i.e., that Timmerman was in fact a threat to his co-workers or himself. See Fed. R. Evid. 801. Rather, defendants point to these statements to demonstrate their state of mind in an attempt to establish the reasonableness of their subsequent investigation of Timmerman. Whether Fork's warnings about Timmerman were correct or not is immaterial, so long as the defendants acted reasonably in relying upon those warnings. Cf. Akin v. Q-L Invs., Inc., 959 F.2d 521, 530 (5th Cir. 1992) (permitting the use of affidavits to demonstrate reliance on alleged misrepresentations, not the truth of the misrepresented facts). Timmerman argues, however, that the district court's focus on the credibility of Fork necessarily implies that the truth of Fork's statements is at issue. We do not agree.

2

The district court's discussion of Fork's credibility bears on the reasonableness of the defendants' reliance on his tips, but it does not implicate the truth of the matters asserted in those tips.

II.

Timmerman further claims that the district court applied an improper standard in assessing the legality of the defendants' search of his office. The district court considered the search under the "reasonableness under all circumstances" test for work-related searches by government employers of their employees' offices, announced by the Supreme Court in O'Connor v. Ortega, 480 U.S. 709, 107 S. Ct. 1492, 94 L. Ed. 2d 714 (1987) (plurality op.). Timmerman contends, however, that because this search was for a firearm, a possible tool of criminal activity, and because campus police officers assisted in the search, the proper standard should instead be "probable cause."

Although the search of Timmerman's office was for a weapon, the purpose of the search was to uncover evidence of work misconduct and potential disruptive workplace behavior. As the protection of individuals from an employee known to be dangerous is a duty imposed on employers by Louisiana law, see Griffin v. Wolf's, Inc., 61 So. 2d 523 (La. Ct. App. 1952), the defendants had a valid work-related justification for their search. The more stringent probable cause standard is not appropriate for this search, as nothing in the record indicates that the search was conducted for the purposes of "obtaining evidence for use in criminal or other enforcement proceedings," see O'Connor, 480 U.S. at 721, 107 S. Ct. at 1499-1500. Moreover, the fact that the object of the search, a firearm, was a potential implement of crime does not alter the work-related nature of the search. We have previously upheld a search for evidence of workplace misconduct under the O'Connor "reasonableness under all circumstances" test, despite the fact that the object of the search

3

would have implicated an employee in criminal activity. See United States v. Johnson, 16 F.3d 69, 73-74 (5th Cir. 1994).

Timmerman, however, contends that the presence of campus police officers at this search transformed it from a workplace investigation into a criminal inquiry. We disagree. In Johnson, we upheld the challenged workplace search in part because it was not requested by a law enforcement agency, but was instead initiated by the employer for work-related reasons. See id. at 74. Here, the record indicates that the campus police officers undertook the search only upon the request of L.S.U. administrators. The record does not demonstrate why L.S.U. administrators felt it necessary to ask the campus police officers to participate in the search, but there is no evidence that the defendants suspected Timmerman of having committed a crime or that they intended to pursue criminal charges against him. Rather, the defendants acted after learning that Timmerman might pose a danger to the safety of his department, which would have constituted "workplace misconduct." Furthermore, in O'Connor, the Supreme Court rejected a probable cause standard for work-related searches of employees' offices, despite the fact that a "Hospital security officer" had participated in the challenged search in that case. See O'Connor, 480 U.S. at 713, 107 S. Ct. at 1495.

III.

Finally, Timmerman asserts on appeal that the district court erred in refusing to consider deposition testimony of one of the defendants, Forest Benedict, offered by Timmerman in support of his opposition to the defendants' motion for summary judgment. Acting pursuant to well-settled Fifth Circuit precedent, see Wicks v. Mississippi State Employment Servs., 41 F.3d 991, 994-95 (5th Cir. 1995), the magistrate judge below stayed all discovery pending the resolution of the defendants'

qualified immunity claims. Meanwhile, Timmerman secured the deposition of Benedict in a related Louisiana state court proceeding, in which Benedict had not been granted qualified immunity. The district court however, refused to consider the Benedict deposition testimony in ruling on the motion for summary judgment. Timmerman now argues that the stay of discovery in the federal proceeding should not have precluded the district court from considering a deposition lawfully taken in a state court proceeding.

Whatever the merits of Timmerman's argument, we see no reason to pass on the issue. The proffered testimony of Benedict would have been irrelevant to the determination of the reasonableness of the defendants' actions, and hence any error committed by the district court in refusing to consider that testimony was harmless. To justify initiating a search of an employee's office under the "reasonableness under all circumstances" test, a government employer need only show that there are "reasonable grounds for suspecting that the search will turn up evidence that the employee is guilty of work-related misconduct." O'Connor, 480 U.S. at 726, 107 S. Ct. at 1502. As the district court found, multiple factors lent credibility to Fork's tips, thus providing the requisite "reasonable grounds": (1) Fork was not an anonymous tipster but identified himself and provided his telephone number; (2) Fork knew that Timmerman had designated the Hemlock Society as the beneficiary of his life insurance policy, and Fork knew the exact date that this designation had been made; (3) Fork knew that Timmerman had refused in the past to accept the recommendations of mental health professionals, a fact previously communicated to L.S.U. officials by Timmerman; (4) Fork knew that Timmerman was unhappy both with his department and with its chair, opinions which Timmerman had previously expressed to various defendants; and (5) Fork knew that Timmerman was suffering from stress, a fact Timmerman had also previously communicated to the defendants. The Benedict

5

deposition testimony offered by Timmerman would only have demonstrated that the defendants failed to corroborate various other assertions made by Fork before acting in reliance on Fork's tip. Appellant's Br. at 18. Yet as the district court found, there existed ample indicia of Fork's reliability to justify the defendants' suspicions of work-related misconduct. The defendants need not have corroborated all of Fork's assertions to obtain the reasonable grounds necessary to conduct the search.

For the reasons set forth above, the district court's grant of summary judgment is in all respects AFFIRMED.